**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **JAVIER AGUIRRE AND ARACELI AGUIRRE** § § | |
| *Plaintiffs*, § § | |
| V. § § § | **CIVIL ACTION NO. 4:19-CV-04648** **JURY** |
| **GEOVERA SPECIALTY INSURANCE COMPANY** § § § | |
| *Defendant*. § | |

### GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera"), files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

#### I.    PROCEDURAL BACKGROUND

1. On August 25, 2019, Plaintiffs, Javier Aguirre and Araceli Aguirre ("Aguirre" or "Plaintiffs"), filed their Original Petition in a case styled *Javier Aguirre and Araceli Aguirre v. GeoVera Specialty Insurance Company,* Cause No. 2019-59929, pending in the 11th Judicial District; Harris County, Texas.

2. GeoVera received a copy of this suit on or about October 28, 2019 and has made an appearance in this case.

3. GeoVera files this notice of removal within 30 days of receiving notice of Plaintiff's Original Petition.  *See* 28 U.S.C. § 1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** Index of Matters Being Filed;
- **Exhibit 2:** A copy of the Harris District Clerk's file;
- **Exhibit 3:** List of Parties and Counsel; and
- **Exhibit 4:** Declaration of Susan Sparks Usery.

## II.   BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiffs and Defendant GeoVera are diverse.**

7. **Plaintiff,** Javier Aguirre is an individual residing in the State of Texas. The subject property is located in Harris County, Texas.

8. **Plaintiff,** Araceli Aguirre is an individual residing in the State of Texas. The subject property is located in Harris County, Texas.

9. **Defendant,** GeoVera Specialty Insurance Company is organized under the laws of the State of Delaware and maintains its principal place of business in Fairfield, California. GeoVera is authorized to transact business and has transacted business in Texas.

10. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiffs and Defendant GeoVera.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

11.     Plaintiffs allege that Defendant is liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and underpaid Plaintiffs' claim. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).  An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441. To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000).  To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

12.     When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the Plaintiff in the state court petition.  *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith.").  But when, in contravention of state law, a Plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the Plaintiff's pleading does not apply. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not

3

control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

13. Furthermore, Texas Rule of Civil Procedure 47(c) requires that Plaintiffs plead in certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000." There is no provision in Rule 47 permitting Plaintiffs to plead for damages not exceeding $74,000 as Plaintiffs have done here. [*See* Plaintiffs' Original Petition, Paragraph 2.]

14. A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

15. Here, this dispute appears to involve the adjustment of a residential insurance claim, stating "Hurricane Harvey caused major wind damage to thousands of homes in the Southeast Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidence in this claim." *See* Plaintiffs' Original Petition, at ¶12. Plaintiff alleges damages to the roof and interior damage after the storm lifted and tore the roof and allowed water to enter the home. *See* Plaintiffs' Original Petition, at ¶15. In addition, Plaintiff's policy limits are as follows: Dwelling

limits of $257,000; Other Structures limits of $25,700; Personal Property limits of $128,500; and Loss of Use limits of $51,400.[1]

16. Plaintiffs have attempted to frustrate this Court's federal diversity jurisdiction as the Original Petition states Plaintiffs seek monetary relief "under $100,000.00" but then states Plaintiffs seek "a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs." [*See* Plaintiffs' Original Petition, Paragraph 2]. Plaintiffs also seek attorney's fees [*See* Plaintiffs' Original Petition, Paragraphs 20, 26, 27, and 28], exemplary and/or treble damages [*See* Plaintiffs' Original Petition, Paragraph 25] and unqualified statutory damages, exemplary damages, statutory interest, pre-judgment and post-judgment interest, and costs of suit. [*See* Plaintiffs' Original Petition, Prayer Paragraph 32]. Given the nature of the case, Plaintiffs' damage model exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

17. Because no stipulation to limit the amount in controversy was filed with Plaintiff's Original Petition and Texas law does not preclude a court or jury from awarding an amount greater than what a Plaintiff seeks in Plaintiff's pleadings and other filings, such an affirmation, without more, does not provide sufficient certainty that Plaintiff would not be able to

---

[1] *See* Declaration of Susan Sparks Usery as **Exhibit 4**. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

recover more in state court than the amount Plaintiff would seek. *See Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

18. Since the Plaintiffs requested attorney's fees, court costs, and additional damages allowed by the DTPA, and Texas Insurance Code, it was facially apparent from the petition, that Plaintiffs' damages would likely exceed the requisite $75,000 threshold at the time of removal. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with their original complaint**. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (*per curiam*)). Once the case has been removed by the defendant, later filings become "irrelevant" for determining jurisdiction. *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

19. GeoVera has shown by the preponderance of the evidence that Plaintiffs' amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

20. GeoVera received notice of this lawsuit on October 28, 2019 when GeoVera was served. Thus, GeoVera is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

21. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

22. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

23. Promptly after GeoVera files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

24. Promptly after GeoVera files this Notice of Removal, a true and correct copy of same will be filed with the Harris County District Clerk pursuant to 28 U.S.C. §1446(d).

25. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant, GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Rhonda J. Thompson*
**Rhonda J. Thompson,** *Attorney-in-Charge*
State Bar No. 24029862
Southern District No. 17055
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email:  rthompson@thompsoncoe.com

OF COUNSEL:
**Susan Sparks Usery**
State Bar No. 18880100
Southern District No. 13550
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas  77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
Email:  susery@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY**

7

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of November, 2019, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure.

Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas  77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com
*Attorneys for Plaintiffs*

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
